UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL BILBAO VARGAS,

     Petitioner,

    v.                           Case No.:  2:26-cv-01689-SPC-NPM

DIRECTOR OF D.H.S. *et al.*,

     Respondents,

_____/

## <u>OPINION AND ORDER</u>

Before the Court are petitioner Daniel Bilbao Vargas's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 6).

Bilbao Vargas is a native of Cuba who was paroled into the United States in 1993 and later became a lawful permanent resident.  An immigration judge ordered Bilbao Vargas removed to Cuba in 1999, following convictions for resisting an officer with violence and three counts of burglary.  Immigration and Customs Enforcement ("ICE") was unable to execute the removal order, so it released Bilbao Vargas on an order of supervision on September 11, 2000.  ICE detained Bilbao Vargas for 70 days in 2017 before releasing him under another order of supervision.  And on September 3, 2025, ICE placed Bilbao Vargas on a third order of supervision.

On April 10, 2026, local law enforcement arrested Bilbao Vargas for larceny and driving under the influence. ICE revoked his release under 8

C.F.R. § 241.13(i) because the arrest violated a condition of release. ICE conducted an informal interview and took Bilbao Vargas into custody on April 20, 2026. Bilbao Vargas argues his detention is unlawful under the Fifth Amendment, presumably because there is no significant likelihood of removal in the reasonably foreseeable future.

Even assuming there is no significant likelihood of removal in the reasonably foreseeable future, Bilbao Vargas's current detention is lawful. 8 C.F.R. § 241.13(i) allows ICE to revoke release when a noncitizen violates a condition of release. Bilbao Vargas does not dispute that he violated a condition of the order of supervision by violating state criminal laws. ICE complied with § 241.13(i) by providing Bilbao Vargas written notice of the reasons for revocation and an opportunity to address those reasons in an informal interview. Bilbao Vargas "may be continued in detention for an additional six months in order to effect [his] removal, if possible, and to effect the conditions under which [he] had been released." 8 C.F.R. § 241.13(i)(1). After that six-month period, Bilbao Vargas may request review of his detention by the HQPDU. *See* 8 C.F.R. § 241.13(j).

It appears ICE has thus far complied with the applicable regulation and afforded Bilbao Vargas the process he is due. His detention is lawful.

Accordingly, it is hereby

**ORDERED:**

Daniel Bilbao Vargas Petition for Writ of Habeas Corpus (Doc. 1) is

**DENIED**.  The Clerk is **DIRECTED** to terminate any pending motions and

deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 3, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record